XAVIER JAMAL SMITH,

v.

CREDIT ACCEPTANCE CORP.

-FILED-

MAR 20 2024

2:24CV 85

**COMPLAINT FOR:**

(1) BREACH OF CONTRACT [12 USC. § 504 (a)(b)(c)and(d)]; (2) ROBBERY AND EXTORTION [18 USC. § 1951(1)(2)]; (3) BANK FRAUD [18 USC. § 1344(1)(2)]; (4) SECURITIES FRAUD [18 USC. § 1348 and (5) UNFAIR AND DECEPTIVE PRACTICES

### I. JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to Bills Of Exchange Act, Truth In Lending Act, Federal Trade Commission Act Section 5, Uniform Commercial Code Article 9, 12 U.S. Code § 411, 12 U.S. Code § 412, and 12 U.S. Code § 504, 18 U.S. Code § 1344, 18 USC. § 1348 and 18 U.S. Code § 1951.

### II. VENUE

2. Venue is proper pursuant to 28 U.S.C §§ 1390 and 1391 because the events giving rise to this complaint happened in this district.

### III. PARTIES

3. Plaintiff XAVIER JAMAL SMITH, a trust principal. authorized to do business in Indiana with a current mailing location at 1499 MLK Drive, STE 64527 Gary, IN 46401.

4. Defendant is a corporation registered in Michigan and is authorized to do business in Indiana. Defendant's agent for service in Indiana is located at 135 North Pennsylvania Street, Suite 1610, Indianapolis. IN 46204.

## IV. STATEMENT OF FACTS

5. The parties have executed a consumer credit contract that the defendant deceptively titled, "Retail Installment Contract" since May 2020 [See Exhibit "M" Page "27" last closed in box at bottom of page titled "Notice"]. The defendant acted as the assumed owner of the contract and required the plaintiff to make monthly cash payments. However, on September 22, 2023, the plaintiff came forth as the owner of the contract and instructed the defendant to use the provided bill of exchange to accept and transfer the available credits from the securitization of the initial application given to the plaintiff by the defendant to initiate the transaction, that the defendant transformed into a note, to satisfy the principal's account. When the defendant failed more three times to perform the mandatory fiduciary duties, defendant also failed to dispute specific facts. Plaintiff declared ownership. Therein defendant ignored all fiduciary duties, ignored plaintiff's genuine instrument, therefore, defendant's failure to respond assumes acceptance of those facts given in each notice sent.

6. Pursuant to 12 U.S. Code § 504 (a)(b)and(c), plaintiff gave an opportunity to cure after the first non-performances by the defendant and gave a notice of default after the next non-performance by the defendant. This matter is being brought to litigation because of breach of contract by the defendant. The defendant failed to perform their obligated fiduciary duties more than three times and knowingly attempted to obtain funds by means of fraudulent pretenses resulting in the plaintiff having to pay cash under duress if the illegal debt collection, property repossession, property lien and derogatory credit reporting was desired by the plaintiff to be stopped by the defendant.

7. The sequence of correspondence are as follows:

8. On September 18th, 2023 the plaintiff notified the defendant that the plaintiff accepts all rights, titles, interest, and equity owed to the principal and instructed the defendant to apply the principal's balance to the principal's account for set-off

9. The plaintiff included the following additional documents listing defendants governing authorities regarding their obligations to perform within this notice:

- Federal Reserve Act Section 16 with paragraphs 1 and 2 highlighted (12 U.S. Code § 411 and 12 U.S. Code § 412), See Exhibit "A" herein attached and incorporated hereto by reference.
- An endorsed bill of exchange for account number 98785263 in the amount of $38,686.65 See [Exhibit "C"] herein attached and incorporated hereto by reference.
- A tender of payment titled, "Letter of Instruction"
- A Copy of Durable Power of Attorney for XAVIER JAMAL SMITH
- The birth certificate for XAVIER JAMAL SMITH

This notice was sent via registered mail per 31 CRF 328.7. The Packet of documents arrived September 22nd, 2023 per USPS tracking See [ Exhibit "K"] herein attached and incorporated hereto by reference.

10. On September 28th, 2023 the defendant replied to the first notice. The defendant's reply stated, "I see that you have enclosed a Payment Coupon along with your letter. While we appreciate your efforts to make payments to your account, these documents do not constitute valid forms of payment.", See [Exhibit "J"] herein attached and incorporated hereto by reference.

11. Though defendant did in fact receive notice, the defendant never gave any written dispute to any of those facts' plaintiff has asserted:

      (a) Plaintiff's title, credits, and all interest of his equity,
      (b) Defendant did not deny receiving the instrument, or
      (c) Defendant did not deny securitizing plaintiff's instrument.

12. However, defendant acted within arbitrary conduct when defendant refused to recognize their duty to perform authorities, See [Exhibit "A" and "B"] herein attached and incorporated hereto by reference: which govern their performance requirements and refused to recognize plaintiff's ownership therein, defendant retained plaintiff's benefits for themselves to claim the security as their own asset.

13. Defendant restricted plaintiff payment method when they refused to accept any other legal tender other than Federal Reserve Notes even after retaining all its benefits upon securitizing the instrument, See [Exhibit "C"] herein attached and incorporated hereto by reference. Therefor the defendant acknowledged receiving the instrument but opted to breach their fiduciary duties owe.

14. Furthermore, defendant refusing to credit plaintiff's account is a direct interference in commerce, defined under 18 U.S.C. § 1951(1), particularly when defendant retained plaintiff's benefits for themselves while breaching trust within their fiduciary duties owed to plaintiff, did so under color of law: alleged done on behalf of plaintiff, so defendant could rob all benefits as their own assets and profits, See [Exhibit "J"] herein attached and incorporated hereto by reference.

15. When the defendant refused to accept plaintiff's claim and instrument, demanding that he pay, did so defined under 18 U.S.C. § 1951(2): to extort him for more above the securitized credits, See [Exhibit "J"] herein attached and incorporated hereto by reference.

16. On October 6th, 2023, the plaintiff notified the defendant a second time that the plaintiff accepts all rights, titles, interest, and equity owed to the principal, and instructed the defendant to apply the principal's balance to the principal's account for set-off, and to release the lien on the property immediately.

The second notice was sent via certified mail. See [Exhibit "K"] herein attached and incorporated hereto by reference. The packet of documents arrived on October 10th, 2023, per USPS tracking See [Exhibit "K"] herein attached and incorporated hereto by reference.

17. The defendant did not respond or perform within the specified number of business days stated in the notice.

18. On November 14th, 2023, the plaintiff notified the defendant a third time that the plaintiff accepts all rights, titles, interest, and equity owed to the principal, and instructed the defendant to apply the principal's balance to the principal's account for set-off, and to release the lien on the property immediately. The third notice included the following documents:

- Federal Reserve Act Section 16 with paragraphs 1 and 2 highlighted (12 U.S. Code § 411 and 12 U.S. Code § 412) See [Exhibit "A"] herein attached and incorporated hereto by reference.

- Federal Reserve Act Section 29 (12 U.S. Code § 504) See [Exhibit "B"] herein attached and incorporated hereto by reference.

- a copy of the original endorsed bill of exchange for account number 98785263 in the amount of $38,686.65 [Exhibit "C"]

- a notarized tender of payment titled, "Notice of Default and Opportunity to Cure", See [Exhibit "D"] herein attached and incorporated hereto by reference.
- A copy of the registered and certified mail receipt for the first two notices that was delivered on September 22, 2023 and October 10th, 2023 See [Exhibit "K"] herein attached and incorporated hereto by reference.

The third notice was sent via certified mail with a notarized Certificate of Service [Exhibit "F"]. The packet of documents arrived on November 17th, 2023 per USPS tracking [Exhibit "K"].

19. On November 22nd, 2023 the defendant responded to the third notice. The defendant's reply stated, "<u>I see that you have enclosed a Payment Coupon along with your letter. While we appreciate your efforts to make payments to your account, these documents do not constitute valid forms of payment</u>". [Exhibit "J"]

20. On January 11th, 2024, the plaintiff sent a fourth notice. The plaintiff received no performance when the previous three notices were sent to the defendant's headquarters, therefore, the plaintiff sent the fourth notice to the defendant's current indenture trustee instead, with a copy to the defendant and the defendant's indenture trustee at the time of the start of the said contract. The plaintiff sent the fourth notice to the defendant's indenture trustee according to the indenture agreement, found in the defendant's Securities and Exchange Commission reports with hopes of receiving a response of performance. Afterall, it is a duty of the defendant's indenture trustee to handle and process registered security instruments such as bills of exchange per 11 U.S. Code § 704(a)(2) and 15 U.S. Code § 77ccc (7).

21. The fourth notice informed the defendant and its indenture trustees that the plaintiff accepts all rights, titles, interest, and equity owed to the principal, and instructed the defendant and its indenture trustees to apply the principal's balance to the principal's account for set-off, and to release the lien on the property immediately. The fourth notice included the following documents:

- Federal Reserve Act Section 16 with paragraphs 1 and 2 highlighted (12 U.S. Code § 411 and 12 U.S. Code § 412) See [Exhibit "A"] herein attached and incorporated hereto by reference.

- Federal Reserve Act Section 29 (12 U.S. Code § 504) See [Exhibit "B"] herein attached and incorporated hereto by reference.

- An endorsed bill of exchange for account number 98785263 in the amount of $38,686.65 See [Exhibit "C"] herein attached and incorporated hereto by reference.

- a notarized tender of payment titled, "Notice of Default" See [Exhibit "G"] herein attached and incorporated hereto by reference.

- A copy of the registered mail and certified mail receipts for the first three notices that were delivered on September 22, 2023, October 10th, 2023, and November 17th, 2023.

The fourth notice was sent via registered mail with a notarized Certificate of Service, See [Exhibit "H"] herein attached and incorporated hereto by reference.

The packet of documents arrived to the defendant's indenture trustee on January 17, 2024 and a copy to the defendant that was rejected on January 18, 2024. Another copy of that same package was resent CREDIT ACCEPTANCE CORP CFO on February 7, 2024 and arrived February 10, 2024 per USPS tracking, See [Exhibit "K"] herein attached and incorporated hereto by reference.

22. The defendant and indenture trustee did not respond or perform within the specified time frame in the fourth notice. Therefore, Doctrine of Estoppel by silence applies by non-performance since defendant again did not respond or perform within the specified time of receiving the final notice and failed to dispute those facts written on "Notice of Default",

See [Exhibit "G"] herein attached and incorporated hereto by reference to those authorities they continue to violate due to knowingly breaching their fiduciary duty.

23. Since the defendant did in fact receive all notices, arbitrarily refused to perform their duties to recognize or accept any other legal tender other than Federal Reserve Notes even after retaining all its benefits upon securitizing the instrument without disclosure, See [Exhibit "C"] herein attached and incorporated hereto by reference.

24. Therefore, defendant receiving all notices , reference to [Exhibit "K"] herein attached and incorporated hereto by reference, and never disputing those facts stated upon the face of each document, arbitrarily vacated to perform their duties beyond reason when defendant has denied those governing authorities that regulate defendant's duties to breach their fiduciary

duties owed to plaintiff for want to retain the benefits on behalf of plaintiff for themselves have done so knowingly did so by interference with commerce, a violation pursuant to 18 U.S.C. § 1951(1)(2) to rob and extort plaintiff, therein establishing defendant knowingly and willingly violated under 12 U.S.C. § 504(a)(b)(c)and (d) and Federal Reserve Act 29(a)(b)(c)and (d).

25. On January 17th, 2024 the plaintiff hired a third party to perform a Securitization Audit for the plaintiff's Contract titled "Retail Installment Agreement" account. The findings in the securitization audit prove that the defendant securitized the interest see [Exhibit "M" Pages 14 to 23] to benefit from the plaintiff's initial application with no plans of (1) notifying the plaintiff of the securitization or (2) paying the plaintiff interest payments. [See Exhibit M. Page 14, 15 & 26] This contract is not equitable to the plaintiff who issued the security interest. This contract only benefits the defendant.

26. Moreover, the defendant failed to disclose intentions to securitize the interest issued by the plaintiff which is still being traded and profited from by the defendant See [Exhibit "M" Page 23]. This is Securities Fraud, Bank Fraud and violates the Truth in Lending Act and Section 5 of the Federal Trade Commission Act. The FTC Act defines deceptive acts or practices as;

An act or practice is deceptive where

- A representation, omission, or practice misleads or is likely to mislead the consumer;
- A consumer's interpretation of the representation, omission, or practice is considered reasonable under the circumstances; and
- The misleading representation, omission, or practice is material.

The defendant mislead the plaintiff (the consumer) by failing to disclose that the account receivables would be sold to investors, making the plaintiff a primary investor in the CREDIT ACCEPTANCE AUTO LOAN TRUST.

27. The defendant failed to perfect the security interest. By not registering the security interest, the defendant violated the Uniform Commercial Code, Securities Law, and even the defendant's own pooling servicing agreement. Under article 9 of the Uniform Commercial Code, the steps of a secured transaction are 1) getting collateral, 2) attachment, and 3) perfection and priority. The defendant failed to perfect the security interest See Page 13 of the Securitization Audit. Page 26 in the final Paragraph of the Securitization Audit states,

"The Agreement was originally made to NORTHWEST INDIANA AUTO FINANCE INC and was sold and transferred to CREDIT ACCEPTANCE AUTO LOAN TRUST 2020-2. There is no record of Assignments to either the Sponsor or Depositor as required by the Prospectus Agreement."

[See Exhibit "M" Page 13, 24, and 26 ]

28. Without perfecting the security interest, there is no chain of title [See Exhibit "M" Page 13, 24, and 26], therefore, it is unlawful for the defendant to require a cash payment each month, this deceptive, dishonorable and securities fraud pursuant to UCC Article 9.

29. Per the Bill of Exchange Act, the only way to pay a bill is to perform an action by transferring the necessary credits to satisfy the account. There is no law that states a bill shall be paid with cash.

30. On FEBRUARY 9, 2024 the plaintiff filed a complaint with the Office of the Comptroller of the Currency, under Federal Reserve Act 29 in pursuant to 12 U.S. Code § 504(e): any penalty imposed under § (a)(b), or (c) shall be assessed and collected by (1) in the

case of a national bank(**or any institution-affiliated party**), by the comptroller of the Currency, See [Exhibit "L"] herein attached and incorporated hereto by reference.

31. Therefore, plaintiff has met all legal requirements of compliance to bring this suit against defendant and is reserving the rights stated in the agreement [See Exhibit "M" Page "27" last closed in box at bottom of page titled "NOTICE"], and request for Complaint Verification for Declaratory Relief to hold defendant accountable due to lack of performance of fiduciary duties and acts of dishonor by the defendant, See [Exhibit "F" and "J"] herein attached and incorporated hereto by reference, therein defendant is liable for all action taken against plaintiff and is in dishonor with plaintiff.

32. Plaintiff also reserves the right to be compensated for those hours to bring this complaint as stated in the agreement [See Exhibit "M" Page "29" first line titled "Collection Cost"]: Payment in the amount of $8,440,000 for plaintiff's time spent on this complaint per fee schedule provided by plaintiff and sent to the defendants Indiana State Registered Agent per Invoice also provided by plaintiff.

## V. CAUSE OF ACTION
### Claim I

(Breach of Contract – Failure to Perform Fiduciary Duties pursuant to Bills Of Exchange Act, 12 U.S. Code 412, 12 U.S. Code 504(a)(b)(c) and (d), and Federal Reserve Act 29(a)(b)(c) and (d))

33. Plaintiff realleges paragraphs 1 through 32 of the Statement of Facts as if fully set forth herein.

34. The defendant failed to perform fiduciary duties owed to the plaintiff resulting in breach of contract.

35. The defendant is in violation of the Bills Of Exchange Act, 12 U.S. Code 411, 12 U.S. Code 412, and 12 U.S. Code 504 for failure to utilize the bill of exchange provided by the plaintiff to satisfy the account.

36. The defendant was given instructions more than three times to apply the principal's credit balance from the securitized note owed to the principal, to the principal's account for set-off, which the defendant has never disputed all of the fact's plaintiff gave in each notice mailed registered and certified to allow the defendant to stay in honor, by the opportunity to do so when it was offered.

37. As a result of this non-performance, and violation of the contract, the defendant has injured plaintiff when defendant continues in withholding plaintiff's securities and by forcing plaintiff to pay in addition a monthly cash payment while defendant retains benefits earned within the securities issued on behalf of the plaintiff, which defendant is using to claim as their own asset.

38. Plaintiff seeks civil money penalties and Declaratory Relief against defendant under 12 U.S.C. 504 and Federal Act 29(a).

12 U.S.C. 504(a): First Tier: Any member bank which, and any institution-affiliated party (within the meaning of section 1813(u) of this title) with respect to such member bank who, violates any provision of section 371c, 371c-1, 375, 375a, 375b, 376, or 503 of this title, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues, and:

Federal Reserve Act 29(a): First Tier: Any member bank which, and any institution-affiliated party (within the meaning of section 3u of the Federal Deposit Insurance Act) with respect to such member bank who, violates any provision of section 22, 23a, or 23b, or any regulation issued pursuant thereto, shall forfeit and pay civil penalty of not more than $5,000 for each day during which such violation continues.

[12 USC 504(a). As added by act of Nov. 10 1978 (92 Stat. 3641) and amended by acts of Oct 15, 1982 (96 Stat 470).]

39. Plaintiff seeks civil money penalties and Declaratory Relief against defendant under 12 U.S.C. 504(b) and Federal Reserve Act 29(b):

12 USC 504(b): Second Tier: Notwithstanding subsection (a) member bank which, and any institution-affiliated party (within the meaning of section 1813(u) of this title) with respect to such member bank who:

(1)
  (A) Commits any violation described in subsection (a);
  (B) Recklessly engages in an unsafe or unsound practice in conducting the affairs of such member bank; or
  (C) Breaches any fiduciary;

(2) which violation, practice or breach
  (A) Is a part of a pattern of misconduct;
  (B) Causes or is likely to cause more than a minimal loss to such member bank; or
  (C) Results in pecuniary gain or other benefit to such party,

Shall forfeit and pay a civil penalty of not more than $25,000 for each day during which such violation, practice, or breach continues, and

Federal Reserve Act 29(b): Second Tier: Notwithstanding subsection (a), any member bank which, and any institution-affiliated party (within the meaning of section 3u of the Federal Deposit Insurance Act) with respect to such member bank who

1.
   A. Commits any violation described in subsection (a);
   B. Recklessly engages in an unsafe or unsound practice in conducting the affairs of such member bank, or
   C. Breaches any fiduciary;

2.
   A. Is part of a pattern of misconduct
   B. Causes or is likely to cause more than a minimal loss to such member bank, or
   C. Result in pecuniary gain or other benefit to such party.

Shall forfeit and pay a civil penalty of not more than $25,000 for each day during which such violation, practice, or breach continues.
[ 12 USC 504(b). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug.
9, 1989 (103 Stat. 470).]

40. Plaintiff seeks civil money penalties and Declaratory Relief against defendant under 12 U.S.C. 504(c) and (d) and Federal Reserve Act 29(c)and(d):
12 USC 504(c):

Third Tier: Notwithstanding subsection (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 1813(u) of this title) with respect to such member bank who:

   (1) Knowingly -
       (A) Commits any violation described in subsection (a);
       (B) Engages in any unsafe or unsound practice in conducting the affairs of such credit union; or
       (C) Breaches any fiduciary duties; and

      (D) Knowingly or recklessly causes a substantial loss to such credit union or a substantial pecuniary gain or other benefit to such party by reason of such violation, practice, or breach,

Shall forfeit and pay civil penalty in an amount not to exceed the applicable maximum amount determined under subsection (d) for each day during which such violation, practice, or breach continues.

12 USC 504(d): Maximum Amount Of Penalties For Any Violation Described in Subsection(c): The maximum daily amount of any civil penalty which may be assessed pursuant to subsection(c) for any violation, practice, or breach described in such subsection is -

(1) In the case of any person other than a member bank, an amount to not exceed $1,000,000; and;

Federal Reserve Act 29(c)and(d): Third Tier: Notwithstanding subsections (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 3u of the Federal Deposit Insurance Act) with respect to such member bank who -

    1. Knowingly-
       (A) Commits any violation described in subsection (a);
       (B) Engages in any unsafe or unsound practice in conducting the affairs of such credit union; or
       (C) Breaches any fiduciary duty; and
  (2) Knowingly or recklessly causes a substantial loss to such credit union or a substantial pecuniary gain or other benefit to such party by reason of such violation, practice, or breach,

Shall forfeit and pay civil penalty in an amount not to exceed the applicable maximum amount determined under subsection (d) for each day during which such violations, practice, or breach continues.

[12 USC 504(c). As added by act of Nov. 10 1978 (72 Stat 3641) and amended by act of Aug. 9,
1989 (103 Stat 470).]

Federal Reserve Act 29(d) Maximum Amounts of Penalties For Any Violation Described in Subsection(c), The maximum daily amount of any civil penalty which may be assessed pursuant to subsection(c) for any violation, practice, or breach describe in such subsection is -

1. In the case of any person other than a member bank, an amount to not exceed $1,000,000, and
2. In the case of a member bank, an amount not to exceed the lesser of -
   (A). $1,000,000; or
   (B). 1 percent of the total assets of such member bank.

41. Defendant is liable for all actions and conducts taken knowingly and willfully breached in their fiduciary duties and is the direct result of injury or consequently depriving plaintiff in all benefits, profits of those credits, assets and right of the title to the security

## VI. CAUSE OF ACTION
### Claim II
(Breach of Contract, Bank Fraud pursuant to 18 U.S. Code 1344, Securities Fraud Pursuant to UCC Article 9 and 18 U.S. Code 1348)

42. Plaintiff realleges paragraphs 1 through 32 of the Statement of Facts and paragraph
33 through 41 of the Factual Allegations as if fully set forth herein

43. The defendant did not utilize the legitimate bill of exchange as instructed by the
plaintiff, and

44. The defendant failed to perfect the security interest as stated in the Report Summary of the Securitization Audit. [Exhibit "M" Page 13 & 26] Without perfecting the security interest, there is no chain of title, therefore, it is unlawful for the defendant to require a cash payment each month from the plaintiff. This is fraudulent, deceptive, dishonorable, and unlawful activity by the defendant.

45. Encourage plaintiff to make cash payments after receiving plaintiff's legal tender, and

46. Even though plaintiff came forth as the owner of the account to satisfy the remaining balance in the principal's account, defendant never disputed plaintiff as owner, but have retained the benefits for themselves.

47. The defendant did not release the lien on the property thus attempting to force the plaintiff to make monthly cash payments in a different form of tender than preferred. This is causing the plaintiff to make monthly payments under duress.

48. This is knowingly fraudulent activity by the defendant per 18 U.S. Code 1344 to deprive plaintiff of title, credits, interest, and equity held on behalf of plaintiff, in trust by the defendant as follows:

18 U.S. Code 1344 - Bank fraud
   Whoever knowingly executes, or attempts to execute, a scheme or artifice-
(1) To defraud a financial institution; or
(2) To obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

Shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

49. Defendant is liable for those actions taken knowingly and willfully when taking over control of the credits, assets, and right of title to the security therefore is the direct result of injury consequences which deprive plaintiff from all his benefits.

## VII CAUSE OF ACTION
### Claim III
(Interference in Commerce – Robbery and Extortion pursuant to 18 U.S.C. 1951(1)(2))

50. Plaintiff realleges paragraphs 1 through 32 of the Statement of Facts and paragraphs 33 through 41 of the Factual Allegations and paragraphs 42 through 49 of the Factual Allegation as if fully set forth herein.

51. When defendant received the instrument and legal tender from plaintiff, defendant proceeded in scheming and deceiving plaintiff, by alleging they have no legal consequence in them to take action or meet any obligation to do so, therein robbed the credits, assets, and securities for their own benefits and profits, therefore it is within their own listing as assets and profits;

52. When the defendant stated in writing "I see that you have enclosed a Payment Coupon along with your letter. While we appreciate your efforts to make payments to your account, these documents do not constitute valid forms of payment.", was done willfully and knowingly with intent to rob the securitized instrument for their credits, assets, and security:

    (i) defendant knew that the instrument was to satisfy the debt, and
    (ii) defendant knew they owed in obligation a fiduciary duty to plaintiff, and
    (iii) defendant knew plaintiff was in honor therein had satisfied the debt.

53. When defendant stated in writing: "I see that you have enclosed a Payment Coupon along with your letter. While we appreciate your efforts to make payments to your account, these documents do not constitute valid forms of payment." was done willfully and knowingly with intent to extort payments from plaintiff because:

    (i) defendant knew that the instrument satisfied the contract debt, and
    (ii) defendant knew they owed in obligation a fiduciary duty to plaintiff, and
    (iii) defendant knew plaintiff was in honor therein had satisfied the contract debt and
    (iv) defendant knew demanding payments after the debt was satisfied is extortion.

54. Defendant is liable for those actions taken knowingly and willfully against plaintiff in attempts to dishonor plaintiff through robbery and extortion therein and from all benefits, profits of those total credits, assets, and rights of title to the security.

## VIII CAUSE OF ACTION
### Claim IV

(Unfair and Deceptive Acts and Practices Pursuant to Federal Trade Commission Act Section 5 and Truth In Lending Act)

55. Pursuant to the Truth In Lending Act, (15 U.S. Code 1632) creditor must "clearly and conspicuously" disclose the costs and terms of credit. The defendant failed to disclose the securitization terms and details of the credit contract. This is Unfair and Deceptive Practice by the defendant.

## X. REQUEST FOR RELIEF

Wherefore, the plaintiff requests for verification of complaint and declaratory relief against defendant:

1) The defendant applies the principal's balance to the principal's account for set-off;
2) The title for the property in the said contract
3) For Cause of Action - Claim I - Breach of Contract Failure to Perform Fiduciary Duties pursuant to 12 U.S. Code 412, 12 U.S. Code 504(a)(b)(c)and(d), and Federal Reserve Act 29(a)(b)(c)and(d):

(i) 12 USC 504(a) and Federal Reserve Act 29(a): First Tier: Total of days; 125 days to the date of filing complaint in the sum of 625,000 paid by the defendant to plaintiff for breaching fiduciary duties;

(ii) 12 USC 504(b) and Federal Reserve Act 29(b): Second Tier: Total of days; 86 days to the date of filing complaint in the sum of 2,150,000 paid by the defendant to plaintiff for knowing fully breaching fiduciary duties;

(iii) 12 USC 504(c)and(d) and Federal Reserve Ac 29(c)and(d): Third Tier: Total of days: 46 days to the date of filing complaint in the sum of 46,000,000 paid by the defendant to plaintiff for willfully and knowingly breaching fiduciary duties;

4) For Cause of Action - Claim II - Breach of Contract and Bank Fraud pursuant to 18 USC 1344: 1,000,000 paid by the defendant to the plaintiff for knowingly attempting to execute a scheme to obtain funds from the plaintiff by means of fraudulent pretenses;

5) For Cause of Action - Claim III - Interference with Commerce; Robbery and Extortion pursuant to 18 USC 1951(1)(2): 1,000,000 paid by defendant to plaintiff for conduct of performance not permitted during their require fiduciary duties.

6) Payment in the amount of $8,440,000 for plaintiff's time spent on this complaint per fee schedule provided by plaintiff

7) And for such other relief as the court may deem just and proper.

Date: March 20, 2024

Respectfully submitted,

*[signature]*
Attorney-in-Fact for; plaintiff

20 of 20