UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| XAVIER JAMAL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:24 CV 85 |
| | ) |
| CREDIT ACCEPTANCE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

In 2020, plaintiff Xavier Jamal Smith entered into a consumer credit contract with Northwest Indiana Auto Finance Inc. ("Northwest"). (DE # 1.) In 2024, plaintiff filed a *pro se* complaint against Northwest's assignee, Credit Acceptance Corporation, the defendant in this case. (*Id.*) Amongst other things, the complaint alleges breach of contract, securities fraud, and unfair business practices, and includes references to the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and the Federal Reserve Act, 12 U.S.C. §§ 411, 412. (*Id.*)

Defendant moved to compel arbitration and/or to dismiss this case because the parties' contract included an arbitration clause. (DE # 12.) The undersigned referred the issue to Magistrate Judge John E. Martin, who thereafter recommended that the undersigned grant defendant's motion to compel arbitration. (DE # 39.) Plaintiff filed no timely objections. Defendant objected to Magistrate Judge Martin's report only to the extent that it recommended that the court order *defendant* to be the one to initiate

arbitration. (DE # 40.) As explained below, the objection is well taken, and the court will adopt Magistrate Judge Martin's report and recommendation with a modification.

Magistrate Judge Martin thoroughly and accurately explained federal arbitration law in his report and recommendation, and those findings of law – to which no timely objections were filed – are now adopted. There can be no dispute that the contract in this case is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. Further, the dispute resolution clause that the parties agreed to in this case, which states that either party may elect to arbitrate "any controversy or claim between You and Us arising out of or in any way related to this Contract" (DE # 13-1 at 9), is valid and encompasses the present dispute, rendering it subject to arbitration.

However, the parties disagree about who is responsible for initiating arbitration proceedings. Magistrate Judge Martin recommended that the court order defendant to initiate arbitration, explaining:

> Defendant also asks that Plaintiff be ordered to initiate arbitration proceedings. However, the provisions of the Contract do not mandate that Plaintiff be the person who must initiate arbitration. Rather, they indicate that the party who first elects arbitration (in this case, Defendant) "may choose to arbitrate under the rules and procedures of either JAMS or the American Arbitration Association." D's. Br. Ex. 1, p 9 [DE 13-1]. The Contract is silent as to whose obligation is it to initiate arbitration after litigation was chosen by one side, and arbitration by the other, but it seems fair to read the Contract as requiring that the party choosing arbitration is the party bearing the onus of initiating it.

(DE # 39 at 7-8.)

2

Magistrate Judge Martin's recommendation was thoughtful and reasonable, especially since plaintiff is proceeding *pro se* in this case and defendant has retained counsel who could more easily navigate arbitration waters. However, in its objection to the recommendation, defendant points out that the rules for both JAMS and the American Arbitration Association contemplate a claimant beginning arbitration proceedings. American Arbitration Association, *Consumer Arbitration Rules and Mediation Procedures,* Rule 4 https://www.adr.org/ media/yawntdvs/ 2025_consumer _arbitration_rules.pdf (last accessed Aug. 7, 2025) ("Arbitration under an arbitration agreement naming the AAA shall be initiated by the initiating party (referred to as the "claimant") filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement."); JAMS, *Comprehensive Arbitration Rules & Procedures,* Rule 5, https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-5 (last accessed Aug. 7, 2025) ("The issuance of the Commencement Letter [by JAMS] confirms that requirements for commencement have been met, that JAMS has received all payments required under the applicable fee schedule and that the Claimant has provided JAMS with contact information for all Parties together with evidence that the Demand for Arbitration has been served on all Parties.").

Therefore, with respect to beginning the process of arbitrating, the court defers to the rules of JAMS and the American Arbitration Association. Indeed, the parties themselves contracted to use the rules of these arbitration bodies (DE # 13-1), so this deference is reasonable and in line with the FAA's objective – "to place arbitration

agreements upon the same footing as other contracts." *Equal Employment Opportunity Comm'n v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)) (internal quotation marks omitted).

For the foregoing reasons, the court:

1. **SUSTAINS** defendant's objection to Magistrate Judge Martin's recommendation that the court order defendant to initiate arbitration proceedings (DE # 40);

2. **ADOPTS** the remainder of Magistrate Judge Martin's report and recommendation (DE # 39):

3. **GRANTS** defendant's motion to compel arbitration (DE # 12);

4. **ORDERS** the parties to begin arbitration in accordance with the relevant arbitrator's rules within the next 30 days;

5. **ORDERS** the parties to file a joint status report regarding arbitration proceedings within the next six months;

6. **STAYS** this case pending the outcome of arbitration;

7. **DENIES, as moot,** plaintiff's motion to adopt Magistrate Judge Martin's report and recommendation (DE # 42); and

8. **DENIES, as moot,** plaintiff's motion to vacate the stay, reopen this case, allow an amendment to the complaint, and issue an injunction (DE # 54).

**SO ORDERED.**

Date: August 7, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT